IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CAROL GAUNTT AND
THOMAS GAUNTT

   Plaintiffs

v.

SHOPRITE OF WARMINSTER, LLC,
WAKEFERN FOOD CORP., SHOP
RITE SUPERMARKETS, INC., AND
SHOP-RITE SUPERMARKETS, INC.

   Defendants

CIVIL ACTION

NO.:

## NOTICE OF REMOVAL

AND NOW, the Defendants, ShopRite of Warminster, LLC, Wakefern Food Corp., and Shop-Rite Supermarkets, Inc. incorrectly captioned as "Shop Rite Supermarkets, Inc., and Shop-Rite Supermarkets, Inc.", by and through their respective counsel, McBreen & Kopko, and pursuant to 28 U.S.C. §§1441 et seq., and for purposes of removing this case to the United States District Court for the Eastern District of Pennsylvania, hereby aver the following in support of said removal:

1. On or about March 3, 2016, Plaintiffs, Carol Gauntt and Thomas Gauntt, filed a Complaint sounding in negligence against Defendants, ShopRite of Warminster, LLC, Wakefern Food Corp., Shop Rite Supermarkets, Inc., and Shop-Rite Supermarkets, Inc. in the Court of Common Pleas of Philadelphia County, Pennsylvania and was docketed as No.: 04751 of the February 2016 term. Plaintiffs then filed an Amended Complaint against the same Defendants on April 26, 2016. ***A true and correct copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit A.***

2. In the Amended Complaint, Plaintiffs allege that they sustained a myriad of personal injuries as a result of the negligence of the Defendants when Plaintiff, Carol Gauntt, drove a motorized shopping cart into a balloon stand inside the ShopRite grocery store located at 942 West Street Road, Warminster, Pennsylvania. **See Exhibit A at ¶9-10**.

3. Specifically, Plaintiff claim that the Defendants violated "the Americans with Disabilities Act and the regulations thereto, including specifically without limitation Title III, the regulations thereto and the Standards for Public Accommodations and Commercial Facilities." **See Exhibit A at ¶22(k)**.

4. As set forth below, removal is proper due to Plaintiff's reliance on the Federal Americans with Disabilities Act and Standards for Public Accommodations and Commercial Facilities. See Hartman v. Cadmus-Cenveo Co., 2014 U.S. Dist. LEXIS 131517 at * 8-9 (E.D. Pa. 2014) (confirming that this Court had subject-matter jurisdiction of a plaintiff's ADA claims).

## NOTICE OF REMOVAL IS TIMELY

5. Defendants were served with Plaintiffs' Amended Complaint on or about April 26, 2016.

6. All Defendants join in this Notice of Removal, now filed within 30 days of service of the Amended Complaint.

7. Removal is therefore timely under 28 U.S.C. §1446(b)(3).

## REMOVAL IS APPROPRIATE PURSUANT TO 28 U.S.C. § 1441

8. This matter is removable under 28 U.S.C. §1441(c)(1) since Plaintiffs' claims arise under a federal law — the Americans with Disabilities Act.

9. This Honorable Court has long permitted removal due to claims of ADA violations, which present federal questions. See e.g., Hartman (supra), McCree v. SEPTA, 2009 U.S. Dist. LEXIS 4803 (E.D. Pa. 2009) (stating that Plaintiff's voluntary pursuit of ADA claim triggered Defendant's removal and the Court's federal question jurisdiction); Fassl v. Our Lady of Perpetual Help Roman Catholic Church, 2006 U.S. Dist. LEXIS 11054 (E.D. Pa. 2006) (explaining procedural history of removal due to ADA violation allegations).

10. Furthermore, although there is no complete diversity of the parties, the amount in controversy exceeds the sum of $75,000.

11. In considering whether the amount in controversy over a particular dispute exceeds the jurisdictional minimum, the Court should begin its assessment of the amount in controversy by looking at the Complaint. Here, Plaintiffs' Complaint contains an open-ended demand for an amount "in excess of $50,000." **See Exhibit A.**

12. The injuries Plaintiff, Carol Gauntt asserts include the following: "serious and severe injuries to the bones, muscles, nerves, tendons, ligaments, tissues and blood vessels of her knee, shoulder, neck, arm, back, leg and foot, including . . . myofascial pain syndrome, lumbosacral radiculopathy, RSD, burning mouth syndrome, reversal of the cervical lordosis and disc degeneration at C5-6, chronic regional pain syndrome of the left lower extremity, persistent left knee pain, medial meniscus tear and loose body, bone marrow edema in the medial tibial plateau, ankle sprain/strain, severe pain and suffering, and mantal anxiety and anguish." **See Exhibit A at ¶ 23.**

13. Such dramatic injuries, if true, logically exceed the $75,000 threshold.

14. In light of the foregoing, removal of this action is appropriate due to the federal questions presented by Plaintiffs' allegations that Defendants violated the ADA.

WHEREFORE, based upon the foregoing, Defendants pray this suit be removed to this Honorable Court pursuant to law of the United States.

**McBREEN & KOPKO**

By: _____
Thomas J. Bradley, Esquire
Attorney ID #: 33467
1600 Market Street, Suite 1805
Philadelphia, PA 19103
215-864-2600
tjbradley@mcbreenkopko.com

Attorney for Defendants,
ShopRite of Warminster, LLC,
Wakefern Food Corp., and
Shop-Rite Supermarkets, Inc.,
incorrectly captioned as "Shop Rite
Supermarkets, Inc., and Shop-Rite
Supermarkets, Inc."

Dated: May 25, 2016

## **CERTIFICATE OF SERVICE**

I, Thomas J. Bradley, Esquire, state, subject to the penalties of perjury and to the penalties found in 18 Pa. C.S. §4904 relating to unsworn falsification to authorities, that I am an attorney with the law firm of McBreen & Kopko and that I am counsel for Defendants, ShopRite of Warminster, LLC, Wakefern Food Corp., and Shop-Rite Supermarkets, Inc. incorrectly captioned as "Shop Rite Supermarkets, Inc., and Shop-Rite Supermarkets, Inc.", and that I filed the foregoing Notice of Removal to the United States District Court for the Eastern District of Pennsylvania and forwarded a copy by first-class, postage paid mail on May 25, 2016 to:

>   Vincent A. Guarna, Esquire
>   **Vincent A. Guarna, P.C.**
>   412 E. Street Road
>   Feasterville, PA  19053

>   **McBREEN & KOPKO**

>   By: _____
>   Thomas J. Bradley, Esquire

# EXHIBIT A

VINCENT A. GUARNA, ESQUIRE
I.D. #62693
MANUEL A. SPIGLER, ESQUIRE
I.D. #15943
412 E. STREET ROAD
FEASTERVILLE, PENNSYLVANIA 19053
(215) 354-1100

MAJOR NON JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Filed and Attested by the
Office of Judicial Records
ATTORNEY FOR PLAINTIFFS 27 APR 2016 12:49 pm
J. OSTROWSKI

| | |
|---|---|
| Carol Gauntt and Thomas Gauntt : | Court of Common Pleas |
| 101 Eagle Court : | Philadelphia County |
| Jamison, PA 18929 : | Civil Action |
| vs. : | |
| ShopRite of Warminster, LLC : | February Term, 2016 |
| 942 W. Street Road : | |
| Warminster, PA 18974 : | No: 4751 |
| and : | |
| Wakefern Food Corp. : | |
| c/o CT Corporation System : | |
| 116 Pine Street, Suite 320 : | |
| Harrisburg, Pennsylvania 17101 : | |
| and : | |
| Shop Rite Supermarkets, Inc. : | |
| c/o Prentice - Hall Corporation System, Inc. : | |
| 2595 Interstate Drive, Suite 103 : | |
| Harrisburg, PA 17110 : | |
| and : | |
| Shop-Rite Supermarkets, Inc. : | |
| c/o CT Corporation System : | |
| 1635 Market Street : | |
| Philadelphia, PA 19103 : | |

## AMENDED COMPLAINT
## 2S PREMISES LIABILITY

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA LAWYER REFERRAL SERVICE
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19107
(215) 238-6300

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SINO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

PHILADELPHIA LAWYER REFERRAL SERVICE
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19107
(215) 238-6300

Case ID: 160204751

## AMENDED COMPLAINT - CIVIL ACTION

### COUNT I

1. The Plaintiffs, Carol Gauntt and Thomas Gauntt, are individuals and husband and wife, residing at 101 Eagle Court, Jamison, Pennsylvania.

2. Defendant, ShopRite of Warminster, LLC ("ShopRite of Warminster"), is a foreign Limited Liability Company registered to due business in the Commonwealth of Pennsylvania and actively conducts business at 942 W. Street Road, Warminster, Pennsylvania.

3. Defendant, Wakefern Food Corp. ("Wakefern"), is a foreign corporation registered to due business in the Commonwealth of Pennsylvania with an address for service of process in care of CT Corporation System at 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101 and regularly does business in Philadelphia, Pennsylvania.

4. Defendant, Shop Rite Supermarkets, Inc. ("Shop Rite"), is a Pennsylvania domestic corporation with an address for service of process in care of Prentice-Hall Corporation System, Inc., 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110 and regularly does business in Philadelphia, Pennsylvania.

5. Defendant, Shop-Rite Supermarkets, Inc. ("Shop-Rite"), is a foreign corporation registered to due business in the Commonwealth of Pennsylvania with an address for service of process in care of CT Corporation System at 1635 Market Street, Philadelphia, Pennsylvania 19103 and regularly does business in Philadelphia, Pennsylvania.

6. At all times relevant hereto, defendant ShopRite of Warminster was an agent, servant of defendants, Wakefern, Shop Rite and/or Shop-Rite acting within the scope and its agency.

7. At all times relevant hereto, defendants acted by and through its agents, servants, workmen and/or employee, who were acting within the course and scope of their agency, employment and/or authority, and in furtherance of the defendants' interests.

Case ID: 160204751

8. At all times material hereto, defendants (hereinafter collectively called "ShopRite") were in possession and control of the premises at 942 W. Street Road, Warminster, Pennsylvania.

9. On or about Saturday, May 3, 2014, Plaintiff, Carol Gauntt was a business invitee of the defendants' at the premises address and was using a motorized scooter supplied by Defendant.

10. On or about the aforesaid date, a balloon display created by the defendants and placed by the defendants in an aisle of the aforesaid premises was caused to fall on the plaintiff, causing the injuries and damages as hereinafter set forth.

11. Defendants' failure to maintain the premises/store in a reasonable safe condition causing the Plaintiff, Carol Gauntt to suffer personal injuries.

12. Plaintiff, Carol Gauntt's accident was the direct result of the defective condition in which the balloon display was, designed, built, placed and/or dangerous and maintained.

13. Said balloon display as located on the premises constituted a dangerous condition.

14. At all times relevant hereto, upon information and belief, the premises/supermarket was operated under a franchise and/or license agreement ("Agreement") between the defendants.

15. Under and pursuant to the Agreement and upon information and belief, defendant, ShopRite of Warminster maintained the rights to operate and hold the supermarket out to the public as a "ShopRite Supermarket" as part of the Defendants, Wakefern, Shop Rite and Shop-Rite chain conforming to standards set and held out to the public by defendants, Wakefern, Shop Rite and Shop-Rite for the safety, comfort, and convenience of business invitees within the ShopRite Supermarkets.

16. Upon information and belief, defendants, under and pursuant to the Agreement, defendants, Wakefern, Shop Rite and Shop-Rite reserved the right and undertook the duty to business invitees of making inspections to determine whether the premises/supermarket conformed to these standards.

17. Upon information and belief, defendants, under and pursuant to the Agreement, if defects or deficiencies were found as a result of such inspections,

Case ID: 160204751

Defendants, Wakefern, Shop Rite and Shop-Rite reserved the right, and undertook the duty to business invitees, of directing Defendant, ShopRite of Warminster to take such action as might be necessary to bring the premises/supermarket into conformity with these standards.

18. Under and pursuant to the Agreement, upon information and belief, Defendant, ShopRite of Warminster agreed to comply with such directions made by defendants, Wakefern, Shop Rite and/or Shop-Rite.

19. Defendants were negligent for failing to design, build, place and/or maintain their premises, including the aisle way in a safe condition.

20. Defendants had actual and/or constructive knowledge of the dangerous condition on the property.

21. Defendants failed to warn Plaintiff Carol Gauntt of the dangerous condition on their property.

22. Negligence of the defendants, jointly and severally, by their agents, servants, workmen and/or employees consisted:

> (a) failing to provide safe and adequate passage for business invitees;
>
> (b) failing to exercise due care for the safety of the plaintiff under the circumstances;
>
> (c) failing to act with due regard for the rights, safety and position of the plaintiff at the location aforesaid;
>
> (d) failing to inspect the premises;
>
> (e) creating a dangerous condition on the premises;
>
> (f) allowing said condition to become and remain dangerous;
>
> (g) maintaining and creating a nuisance;
>
> (h) failing to warn plaintiff and give adequate notice of a dangerous condition;
>
> (i) failing to exercise due care for person with disabilities;
>
> (j) failing to take reasonable precautions to prevent a fall;
>
> (k) violating the Americans with Disabilities Act and the regulations thereto, including specifically without limitation Title III, the regulations thereto and the Standards for Public Accommodations and Commercial Facilities; and

Case ID: 160204751

        (l)      being otherwise careless and negligent on the premises.

23. As a result of the defendants' negligence as aforesaid, Plaintiff, Carol Gauntt, sustained serious and severe injuries to the bones, muscles, nerves, tendons, ligaments, tissues and blood vessels of her knee, shoulder, neck, arm, back, leg and foot, including specifically but without limitation, myofascial pain syndrome, lumbosacral radiculapthy, RSD, burning mouth syndrome, reversal of the cervical lordosis and disc degeneration at C5-C6, chronic regional pain syndrome of the left lower extremity, persistent left knee pain, medial meniscus tear and loose body, bone marrow edema in the medial tibial pateau, ankle sprain/strain, severe pain and suffering, and mental anxiety and anguish, the full extent of which are not yet known and all or some of which may be permanent in nature.

24. As a further result of the aforesaid occurrence, plaintiff, Carol Gauntt has in the past and may in the future undergo severe pain and suffering and mental anguish, to her great detriment and loss.

25. As a further result of the aforesaid occurrence, plaintiff, Carol Gauntt has in the past and may in the future be unable to attend to her usual and daily duties, activities and occupations, to her great financial detriment and loss.

26. As a further result of the aforesaid occurrence, plaintiff, Carol Gauntt has been compelled to expend various and diverse sums of money for medicines and medical care and treatment in an effort to cure herself of the ills and injuries which she sustained, and she may be obliged to continue to do so for an indefinite time in the future, to her great detriment and loss.

27. As a further result of the aforesaid occurrence, plaintiff, Carol Gauntt has in the past and may in the future sustain a loss of earnings and earning capacity to her great financial detriment and loss.

WHEREFORE, Plaintiff, Carol Gauntt, demands judgment against Defendants, ShopRite of Warminster, LLC, Wakefern Food Corp., Shop Rite Supermarkets, Inc. and Shop-Rite Supermarkets, Inc., jointly and severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II

### THOMAS GAUNTT vs.
### SHOPRITE OF WARMINSTER, LLC, WAKEFERN FOOD CORP.,
### SHOP RITE SUPERMARKETS, INC. AND SHOP-RITE SUPERMARKETS, INC.

28. Plaintiff Thomas Gauntt incorporates paragraphs 1 through 27, inclusive by reference, as though the same were fully set forth herein.

29. As a result of the aforesaid occurrence, Plaintiff, Thomas Gauntt has in the past and may in the future be deprived of the care, comfort, society, companionship and consortium of his wife, Carol Gauntt to his great detriment and loss.

WHEREFORE, Plaintiff, Thomas Gauntt, demands judgment against the Defendants, ShopRite of Warminster, LLC, Wakefern Food Corp., Shop Rite Supermarkets, Inc. and Shop-Rite Supermarkets, Inc., jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus cost.

VINCENT A. GUARNA, P.C.

BY: _____
Vincent A. Guarna, Esquire
Attorney for Plaintiffs

Case ID: 160204751

## **CERTIFICATE OF SERVICE**

I, Vincent A. Guarna, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiffs' Amended Complaint was emailed on 26th day of April, 2016, by electronic mail to the following person:

> McBreen & Kopko
> 1600 Market Street
> Suite 1805
> Philadelphia, PA 19103
> Steven J. Silver, Esquire

VINCENT A. GUARNA, ESQUIRE
Attorney for Plaintiffs

Case ID: 160204751

## VERIFICATION

I, CAROL GAUNTT, hereby verify that I am the Plaintiff, and that the facts set forth in the foregoing Amended Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

DATED: 4/26/16

_____
CAROL GAUNTT

Case ID: 160204751

## VERIFICATION

I, THOMAS GAUNTT, hereby verify that I am the Plaintiff, and that the facts set forth in the foregoing Amended Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

DATED: 4/26/16

_____
THOMAS GAUNTT